PER CURIAM.
We affirm without comment all issues raised by appellant/cross-appellee, State Farm Mutual Automobile Insurance Co., and appellees/cross-appellants, Brenda and Terry Gulledge, in this appeal and cross-appeal from a final judgment entered in this action for uninsured motorist benefits, except that relating to the lower court’s error in denying State Farm’s motion to reduce Brenda Gulledge’s damage award for past lost earning ability by the amount of Social Security disability payments she received as a result of her accidental injuries. As to this issue, we reverse and remand the case to the trial court with directions that the amount so paid be deducted from the sum awarded.
In defending the trial court’s decision, the Gulledges contend the collateral-source setoff statute[1] is inapplicable, because they claimed loss of earning capacity, not lost wages. We cannot agree. A plain reading of the statute offers no support for the distinction the Gulledges argue. In *632 deed, they cite no case law supporting their argument.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, C.J., ERVIN and BENTON, JJ., concur.

. Section 768.76(2)(a)(l), Florida Statutes (1997) provides in part:
(1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources....
(2) For purposes of this section:
(a) "Collateral sources” means any payments made to the claimant, or made on the claimant's behalf, by or pursuant to:
1. The United States Social Security Act, except Title XVIII and Title XIX; any federal, state, or local income disability act; or any other public programs providing medical expenses, disability payments, or other similar benefits....